UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQUARIUS WALKER,

                Plaintiff,

v.                                                            Case No. 1:10-cv-574

CITY OF KALAMAZOO                           Honorable Joseph G. Scoville
and ANTHONY MORGAN,
                Defendants.
_____/

**OPINION**

This is a civil rights action brought by plaintiff Aquarius Walker under 42 U.S.C. § 1983. Plaintiff filed this lawsuit on June 16, 2010, while he was incarcerated in the E.C. Brooks Correctional Facility in Muskegon, Michigan, but he has now been released on parole. The defendants are the City of Kalamazoo and Kalamazoo Public Safety Officer Anthony Morgan. Plaintiff alleges that on July 7, 2007, defendant Morgan employed excessive force during the course of his arrest, in violation of Plaintiff's Fourth Amendment rights. Specifically, Plaintiff alleges that, after a foot-chase, defendant Morgan apprehended him in the front seat of his car, beat and threatened him, knocked him unconscious, ordered him out of the car, instructed him to lie on the ground and then struck him in the head multiple times with his service weapon, causing several injuries. Plaintiff's amended complaint (docket # 50) asserts a claim against the City of Kalamazoo arising from its alleged failure to train Officer Morgan.

The matter is now before the court on defendant City of Kalamazoo's February 10, 2010 motion for summary judgment pursuant to Fed. R. Civ. P. 56. (docket # 38). On March 11,

2011, Plaintiff filed a response to the motion (docket # 42) and he was thereafter granted leave to amend his complaint to clarify the basis for municipal liability. The parties have consented to the dispositive jurisdiction of a magistrate judge. (Consent and Order of Reference, docket # 27). I conclude that the City of Kalamazoo's motion for summary judgment should be granted. Judgment will be entered in defendant's favor on Plaintiff's damage claim.

### Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that

"there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

### Statement of Facts

Plaintiff alleges that on July 17, 2007, he was pulled over by Officer Anthony Morgan and his partner Robert Hug. Plaintiff exited his vehicle and fled on foot, returning and re-entering the vehicle a short time later. Officer Morgan apprehended Plaintiff, and struck him repeatedly while threatening to shoot, break his neck or kill him. Plaintiff alleges he was knocked unconscious. After Plaintiff regained consciousness, Morgan ordered him out of the vehicle. Plaintiff was dazed and prone when Officer Morgan struck him an unspecified number of blows with his service weapon. (docket # 50, Am. Compl. ¶ 1). Plaintiff alleges he suffered lacerations to the face, a cracked bone in his face near his eyes, and severe headaches subsequent to the incident. *Id.* The court accepts these allegations as true for purposes of the pending motion.

In his initial complaint, Plaintiff included no specific allegations against defendant City of Kalamazoo. In a deposition taken on December 7, 2010, Plaintiff asserted his belief that the City of Kalamazoo failed to train Officer Morgan, but admitted no knowledge concerning the specific training of officers, nor of instances of Morgan's or other officers' using excessive force on any other suspects. He testified that he was not mistreated by any officer other than Morgan. (docket # 39-2, ID #'s 139-40).

Defendant City of Kalamazoo subsequently filed a motion for summary judgment. (docket # 38). Plaintiff then moved for leave to amend his complaint, which the court granted. Plaintiff now alleges that defendant City of Kalamazoo bears responsibility for defendant Morgan's training, and provided him with training that was ineffective, deficient, or both. (docket # 50, Am. Compl. ¶ 2). He additionally alleges that City of Kalamazoo Public Safety Chief Dan Weston failed to supervise Morgan, among others, and encouraged and condoned violent actions against citizens, which "has subjected the City of Kalamazoo to liability in this action." *Id*. The amended complaint contains no specific allegations addressing what aspect of Morgan's training was deficient or ineffective, nor specific examples of other instances in which excessive force was used by defendant Morgan or other officers employed by the City of Kalamazoo. No specific patterns of behavior are alleged except that Chief Weston "both encouraged and condoned violent actions by his officer[']s which violated the very citizen's right[']s it was supposed to protect." *Id.*

In light of Plaintiff's *pro se* status, the court will consider both his brief in opposition to the City's motion for summary judgment (docket # 42) and his brief in support of his motion to amend the complaint (docket # 45) as responsive to the City's request for summary judgment. The

brief in support of Plaintiff's motion to amend, and its attachments, represents the only effort by Plaintiff to amass a factual record supporting his claim of failure to train.

At best, Plaintiff presents a series of accusations devoid of factual support. He alludes to numerous citizen complaints and law suits, but fails to provide any details. He asserts that unnamed officers used excessive force against handcuffed (but unidentified) prisoners. He alleges that Chief Weston promoted "by any means necessary" tactics which encouraged this behavior. (docket # 45 at ID# 166). Plaintiff alleges that defendant Morgan was a member of the Kalamazoo Valley Enforcement Team, described as a "clandestine drug task force within the Kalamazoo Police Department," and again emphasizes that Chief Weston condoned and encouraged these men to get the job done by any means necessary. (*Id*.). In support of these allegations, Plaintiff submitted several exhibits, in relevant part an inter-office memo from the City of Kalamazoo supporting "Interim Chief Mallery's decision not to sustain the allegation of excessive force" against Morgan as the decision was "based on contemporary case law supporting the level of force used by PSO Morgan" (docket # 45-2, ID # 173); two newspaper articles concerning Chief Weston and alleged policy disputes with judges (docket # 45-3, ID # 176-78); and defendants' joint answer to Plaintiff's request for admissions, in which defendants admit that there have been prior complaints about defendant Morgan (but not disclosing their nature) and admitting that some sort of "corrective action" was addressed in a September 9, 2010 conference report. The City, however, denies that disciplinary or corrective action was taken against Morgan by the Kalamazoo Department of Public Safety regarding violent, aggressive or excessive force against suspects. (docket # 45-4, ID # 181).

**Discussion**

The City of Kalamazoo is a municipal defendant seeking summary judgment under Rule 56. A municipality "cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under section 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *see Los Angeles County v. Humphries*, 131 S. Ct. 447, 452 (2010); *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010) ("Counties may not be held vicariously liable under 42 U.S.C. § 1983 for the actions of their employees or agents."). Municipal liability under section 1983 is limited to deprivations of federally protected rights caused by action taken "pursuant to official municipal policy of some nature." *Monell*, 436 U.S. at 691. The "official policy" requirement of *Monell* was intended to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). The plaintiff must demonstrate *both* the existence of an official custom or policy *and* "a direct causal link" between the policy and the alleged constitutional violation. *See Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). "There must be a direct causal link between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation. These stringent standards are necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*." *Graham ex rel. Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2003)(citations omitted). The inadequacy of an officer's training "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). To establish deliberate indifference,

the plaintiff "must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Miller v. Sanilac County*, 606 F.3d 240, 255 (6th Cir. 2010), quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005).

Plaintiff fails entirely to establish the existence of a material fact at issue relating to the liability of defendant City of Kalamazoo. Plaintiff has professed a lack of knowledge in the official training regime employed by defendant, and thus of any manifest deficiency with it, along with a lack of knowledge of other existing complaints against defendants which would create the impression of a pattern of behavior. (docket # 39-2, ID #'s 139-140). The amended complaint, and information introduced in its support, do nothing to satisfy the criteria necessary to implicate a municipality in a § 1983 suit. The only new information provided is the allegation that Kalamazoo's police chief promoted a "by-any-means-necessary" attitude that inspire his men, unnamed, to commit acts, unspecified, violating the constitutional rights of other citizens, unidentified. (docket # 50). Plaintiff has not supplied evidence suggestive of a formal municipal policy and a causal link between that policy and harm he suffered. *Graham*, 358 F.3d at 383. Neither has Plaintiff supplied any proof of incidents which might substantiate the existence of a policy of deliberate indifference based on a clear pattern of behavior. *See Miller v. Sanilac County*, 606 F.3d at 255. Even if defendant Morgan's tortious conduct were caused by a deficiency in his training, it must be established that the deficiency was systematic and not the result of "factors other than a faulty training program," which Plaintiff has likewise failed to establish. *City of Canton*, 489 U.S. at 390-91.

When faced with the City's properly supported motion for summary judgment, Plaintiff had the burden to come forward with evidence sufficient to raise a triable issue of fact.

*Celotex Corp.*, 477 U.S. at 323. Reliance on allegations in the complaint is insufficient; the opposing party must submit admissible evidence which would support a jury's finding in his favor. Plaintiff's submissions fall far short of this standard. Defendant City of Kalamazoo has successfully demonstrated an absence of evidence supporting Plaintiff's case. Even drawing all justifiable inferences in favor of the party opposing the motion, there is no genuine issue as to any material fact in dispute requiring submission to a jury. The City of Kalamazoo is entitled to judgment as a matter of law.

The motion of the City of Kalamazoo for summary judgment (docket # 38) will be granted, and judgment will be entered in its favor on all Plaintiff's claims against it.


Dated:  June 10, 2011                           /s/  Joseph G. Scoville
                                                United States Magistrate Judge